# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### WESTERN DIVISION

George Abernathy,                                    Case No. 3:17CV1646

        Plaintiff

        v.                                        **ORDER**

George Kral, Chief of Toledo Police, et al.,

        Defendants


Plaintiff filed this case in the Lucas County, Ohio, Court of Common Pleas to recover $46,340 seized July 5, 2017, from his residence during execution of a search warrant. Because one of the officers executing the warrant was DEA Special Agent Michael Noel (then acting in his additional capacity as a Special Deputy Lucas County Sheriff), the United States removed the case to this court.[1]

After taking custody of the seized funds, the DEA began administrative forfeiture proceedings. (Doc. 21, Exh. B). The United States, per 18 U.S.C. § 983(a)(3)(A), filed its Verified Complaint in Forfeiture in Case No. 3:18CV86 (N.D. Ohio). That case has been referred to United States Magistrate Judge James R. Knepp, II and is currently pending before him.

---

[1] Plaintiff originally objected to removal. (Doc. 3). He now no longer does, per his "Motion for Clarification." (Doc. 20). Those motions are moot and overruled accordingly.

Pending are plaintiff's motion for return of property against Agent Noel and his similar motion against Lucas County Sheriff John Tharp. For the reasons that follow, I deny and dismiss the plaintiff's motions as to both sets of defendants.

## Discussion

### A. The Government's Forfeiture Action
### Trumps Plaintiff's Motion for Return of Property

The government's pending civil forfeiture action provides the plaintiff with an adequate legal remedy for seeking to regain the seized funds. *Shaw v. United States*, 891 F.2d 602 (6th Cir. 1989).

In *Shaw*, as here, a person whose property had come into the government's possession after its seizure filed a motion for return of property under Fed. R. Crim P. 41(e).Thereafter, the government, also as here, filed a forfeiture action. Affirming the district court's denial of the Rule 41(e) motion, the Sixth Circuit held that "where the government has brought a civil forfeiture action a claimant may not use Rule 41(e) to bypass the [federal] statutory procedure." *Id*. at 603.

The court based its decision on the "standard equity doctrine [that] where there is an adequate remedy at law it must be pursued." *Id*. Accordingly, "[o]nce the government initiated civil proceedings against [the claimant], she was required to follow the statutory procedures set out in 19 U.S.C. §§ 1608 and 1618." *Id*.; *see also Brown v. U.S.*, 692 F.3d 550, 553 (6th Cir. 2012) (applying same doctrine following criminal forfeiture).

Plaintiff's invocation of O.R.C. § 2981.03(A)(4) instead of Rule 41 does not require a different outcome. The underlying principal regarding an adequate remedy at law remains the same: namely, that "where there is an adequate remedy at law it must be pursued." *Shaw, supra*, 891 F.2d at 603. The fact that the plaintiff began his quest in state court changes nothing: once the United

States took possession of the funds seized from him and thereafter filed its civil forfeiture action, his state law claim evaporated, just as if he had started with a Rule 41 proceeding in federal court.

Accordingly, I dismiss plaintiff's motions for return of property without prejudice to his rights to challenge the seizure in the pending civil forfeiture action.

### B. Agent Noel Was a Duly Authorized
### Ohio Law Enforcement Officer

When Agent Noel participated in the search of plaintiff's residence and seizure of the funds at issue, he did so under the authority of defendant Sheriff John Tharp's appointment of him on April 17, 2017, as a Special Lucas County Deputy Sheriff.

Plaintiff claims, however, that, notwithstanding that designation: 1) Agent Noel was not a duly authorized "law enforcement officer" lawfully empowered to obtain or execute a state court-issued search warrant; 2) defendant Tharp is accountable to plaintiff for his property because he authorized the search warrant and has custody of the seized funds; and 3) under O.R.C. Chapter 2981 he is entitled to conditional release of the funds.

None of these contentions has merit.

First, with regard to the lawfulness of Agent Noel's status as a "Special Deputy Sheriff," Noel has satisfied the definition under Ohio law to serve as a "law enforcement officer." Revised Code § 311.04(B) authorizes Ohio's Sheriffs to "appoint, in writing, one or more deputies." A Sheriff may appoint anyone except those committed of a crime under § 311.04. Deputy Sheriffs are "law enforcement officers" in Ohio. 1978 OAG Op. 58; Ohio R. Crim. P. 2; *see also* 1998 Ohio Op. Atty. Gen. No. 33 (discussing status of Special Deputy Sheriffs and how their authority is defined and determined).

3

Moreover, according to the Ohio Attorney General, the Sheriff: 1) need not retain supervisory control over Special Deputies; and 2) may appoint a county Narcotics Agent as a Special Deputy sheriff with limited authority to enforce Ohio drug laws. 1991 Ohio Op. Atty. Gen. No. 37 pp. 2–3. In addition, the authority of a Special Deputy may encompass protecting property of private entities, who may also be responsible for supervising and compensating the Special Deputy. *Id.*

Agent Noel was, therefore, acting entirely lawfully under Ohio law when he participated in the search and seizure, and, in due course, took control of the seized funds – thereby bringing those funds into the control of the United States.[2]

To be sure, the court in *Long v. State*, 2012 WL 349047, at *2, 2012), 2012-Ohio-366 ¶13 (Ohio App.), holds that a federal agent, as such, is not a "law enforcement officer" under Ohio law, and thus without authority to seek or execute a state search warrant. But here, as a result of Sheriff Tharp's appointment of him as a Special Lucas County Deputy Sheriff, Agent Noel was, unlike the federal agent in *Long*, duly qualified to participate in the search of plaintiff's residence and seizure of the monies found there.

### C. Because Sheriff Tharp Has No Possessory Interest in the Seized Funds, This Suit Must be Dismissed

It is undisputed that Agent Noel received neither direction nor compensation from Sheriff Tharp. As executing officer, Agent Noel took possession of the seized funds, which thereon immediately came into the custody of the United States. Consequently, Sheriff Tharp, like Toledo

---

[2] Taken to its logical conclusion, plaintiff's contention would preclude joint State-Federal investigations. Neither law nor policy would support that conclusion, and courts uniformly have endorsed such joint undertakings. *E.g.*, *U.S. v. Hornick*, 815 F.2d 1156, 1158 (7th Cir. 1987); *U.S. v. Medlin*, 842 F.2d 1194, 1196–1197 (10th Cir. 1988); *U.S. v. Wright*, 667 F.2d 793 (9th Cir. 1982); *U.S. v. Evans*, 572 F.2d 455, 487 (5th Cir. 1978); *U.S. v. Cox*, 462 F.2d 1293, 1306 (8th Cir. 1972).

Police Chief defendant George Kral, was never a proper party in this action. He had no interest in the seized funds, and neither the authority nor the ability to produce them. *See State ex rel. Chandler v. Butler*, 61 Ohio St. 3d 592, 593 (1991) (when property and money are forfeited under federal law, Ohio forfeiture provisions are immaterial). The only proper party might have been the United States. *See State v. Clayton*, 2013-Ohio-2198 (Ohio App.).

In any event, now that the United States has brought its civil forfeiture action, only this court has jurisdiction to resolve the disputed issues. The federal civil forfeiture action preempts common law alternatives to seek return of the funds. *See U.S. v. All Funds in the Account of Property Futures, Inc.*, 820 F. Supp. 2d 1305, 1333–34 (S.D. Fla. 2011).

### Conclusion

For the foregoing reasons, it is hereby

ORDERED THAT:

1.    This case be, and it hereby is, dismissed without prejudice to the plaintiff's rights *vis-a-vis* the civil forfeiture action currently pending as to the funds seized from him; and

2.    All outstanding motions be, and the same hereby are, denied as moot.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge