# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

George Abernathy,                           Case No. 3:17CV1646

    Plaintiff

    v.                                       **ORDER**

George Kral,

    Defendant

Pending in this case is plaintiff's motion for reconsideration. (Doc. 27). The motion seeks reconsideration of my order dismissing the plaintiff's complaint. (Doc. 25). For the reasons that follow, I deny the motion.

## Discussion

Following a search and seizure of his property, including $46,300 at issue in this case, the plaintiff filed suit in the Toledo, Ohio, Municipal Court to recover those funds. He named George Kral, Toledo, Ohio, Chief of Police (and putative custodian of the funds); Lucas County Sheriff John Tharp; and DEA Special Agent Michael Noel as defendants.

The United States removed the case to this court. Plaintiff sought remand, but the motion had no merit. In dismissing his complaint, I also concluded that plaintiff's underlying contention – that attempting to recover the funds via state law, rather than federal law, was proper and permissible – also had no merit.

And my decision was correct. The record shows that, although a Judge of the Toledo Municipal Court issued the warrant, the search was a joint Federal-State operation. That, in turn,

was entirely lawful. At the scene, Agent Noel took custody of the funds, and they have been in the possession of the United States ever since.

Plaintiff claims that the Toledo Municipal Court, not this court, is the proper forum because it had *in rem* jurisdiction over the funds. He also argues that Agent Noel somehow lost his status as a federal officer because he had also been deputized as a Special Lucas County Sheriff by defendant Sheriff Tharp.

Plaintiff's inability to understand and accept my application of controlling principles continues. Following the Government's filing of a forfeiture action, this court acquired the only *in rem* jurisdiction over the funds. *U.S. v. Certain Real Property 566 Hendrick Blvd.*, 986 F.2d 990, 993 (6th Cir. 1993). The Toledo Municipal Court never had *in rem* jurisdiction: only this court did.

Likewise, a federal agent's seizure of property via a state search warrant does not automatically endow a state court with *in rem* jurisdiction. *Bradberry v. Ohio*, 2012 WL 275106, *1 (N.D. Ohio 2012).

I committed no error when I dismissed the plaintiff's complaint. His lawyer did when he challenged removal, and his error continues as he persists in contending otherwise in the instant motion.

Normally when I overrule a frivolous motion for reconsideration like this one, I impose a $2,000 sanction to, *inter alia*, cover the prevailing party's attorneys' fees and costs. In this instance I decline for now to do so. I leave open, however, the Government's ability to seek such sanction in the event that plaintiff pursues an unsuccessful appeal of this decision.

It's time for the plaintiff's attempts, futile from the outset, to have this case return to the Municipal Court, where it was improperly filed in the first instance, to cease.

It is, accordingly,

ORDERED THAT plaintiff's motion for reconsideration (Doc. 27) be, and the same hereby is denied with prejudice.

So ordered

/s/ James G. Carr
Sr. U.S. District Judge